Appeals for Veterans Court Concerning the Question of the Interpretation of 38 C.F.R. 3.310A. This provision of VA regulations provides for the use of the  additional compensations for service-connected disabilities, which are shown to have additional disabilities that are approximately due to or the result of those service-connected disabilities. We believe that the Veterans Court misinterpreted the legal standard imposed by 38 C.F.R. 3.310A when the court affirmed the decision of the board which relied upon a VA examination which used the standard of direct relationship to the service-connected condition. We believe that that is a higher standard than the standard that is provided for by the regulation. A direct relationship is a higher standard than approximately due to or the result of what the standard used by the VA examiner was that it was less likely than not that his depression was directly related to his service-connected frostbite. Wasn't that the case, a fact question? No, Your Honor. I believe that the question that was answered by the examiner was a fact question. The question that was presented to the Veterans Court was a legal question as to whether or not the opinion that was relied upon was consistent with the legal standard that was provided for by the regulation. And we're presenting to this court a question of regulatory interpretation as to what the meaning of the phrase approximately due to or the result of means as used in the VA's regulation. It is clear from both the VA's brief and from the court's decision below that there is a belief on the part of the court below in this case and by the VA in its brief that the standard is one of causation and that it is one of proximate causation. We believe that proximate causation is a concept from tort law that does not have any business in the veterans arena and that the veterans arena is defined by the VA's own regulation at 3.310A and that to impose the higher evidentiary burden of direct relationship is to exceed the evidentiary standard that is provided for by the VA's own regulation. Mr. Carpenter, if you don't believe that the words in the regulation approximately due to equate to proximate cause, what do they mean? I believe they mean the same thing as the resulting disability. I don't understand. I'm looking for a definition for the regulatory term. There is a relationship between that is temporal in nature as is the same requirement for the establishment of service-connected compensation in the first instance. The Congress had the opportunity to adopt the higher… But even if we adopted that, you wouldn't win here because there were 11 years between the onset depression and the frostbite service connection. And that's precisely the point. So even if I were to accept that definition, I don't see how you could prevail. No, the temporal has to do with the here and now. 3.310 has to do with whether today there is an additional disability that is temporarily related to the existing service-connected disability. That doesn't make sense. So if I lost my foot in the war, my foot is gone for the rest of my life, then you're going to claim at any point in my life I sneeze, I come down with the flu, I come down with anything else. It's temporally related to the fact that I have a lost foot because I've continued to have a lost foot. If you present medical evidence that says that, Your Honor, and I think that that's not a fair characterization of Mr. Cottrell's position here, but in the context of if you present affirmative evidence that there is an existing relationship between your depression and your service-connected disability, then under the language of the VA's own regulation, approximately due to or the result of, you should be entitled to additional compensation for that additional disability. But the government had evidence that there was no nexus between those two. Based upon a VA examination that used the wrong legal standard. It used too high a legal standard. And therefore, that evidence should not have been considered and the board should have been required to send the matter back for another examination asking the VA examiner to use the correct legal test. Frankly, the Black Saw Dictionary defines approximate cause of the government's brief page 20 as cause that directly produces an event and without which the event would not have occurred. I don't understand the distinction between approximate cause and the words approximately due to, which appear in the regulation. Well, Your Honor, this court in Shedden expressly rejected the notion of direct causation for the establishment of the service-connected relationship. And indicated that it doesn't have to be directly related to a specific event. That definition is substantially higher than the definition that is required to get the service-connected condition in the first instance. This court in Ellington said that 3.310A was about service connection. It was about establishing the link between the service-connected disability and the additional disability. Well, even if the standard is higher for showing a secondary disability, if the standard is higher, the standard is in the regulation. What can we do? I'm sympathetic to your argument. There shouldn't be a different application. I'm sympathetic to your notion that the regulation was enacted for a particular reason, but the regulation speaks with its language. But it does not use proximate cause, Your Honor. It says approximately due to. And you've given me no definition that I can make any sense of for this court. With all due respect, Your Honor, it's not my responsibility to give a definition. The VA wrote this regulation. They're the ones that are applying the regulation. Mr. Carpenter, you're saying that their definition is wrong. And in the absence of an alternative definition, their definition looks quite reasonable to me. I'm saying that the standard that was used in this case, that was relied upon by the board and accepted by the Veterans Court, is inconsistent with the language provided for in the regulation. And what the VA does is that it points to a dictionary definition that deals with the concept of proximate causation. Proximate causation is a tort concept that is related to direct relationships. Approximately due to means approximately. It doesn't mean directly. It says approximately. And it uses in addition or as a result of. This is a lesser standard than the higher standard of direct causation. And Mr. Cottrell had the right to have his evidence tested against the same standard. Instead, the VA obtains an examination that uses direct causation as the legal basis. We believe that that is inconsistent with the plain language of the VA's regulation and that it cannot be interpreted to mean proximate cause. Or it does, as you correctly observe, raise that and make it more difficult to get secondary compensation than it was to get compensation in the first instance. And that simply is an anathema to the whole notion that this is a non-adversarial system in which the VA is to help the Veteran get all of the compensation to which they're entitled to. This regulation provides for the opportunity for Veterans to get additional compensation when there is evidence that relates the existing disability to an additional disability. To require direct causation is a substantially higher standard and that's the evidence that they relied upon to deny this claim. And that should not have been permitted by the Veterans Court and the interpretation that's offered by the government of proximate cause should be rejected by this court. Unless there's further questions, I'll reserve the balance of my time. Okay. Thank you, Mr. Carpenter. Mr. Stradlow? Good morning. May it please the Court? The Court should dismiss Mr. Kittrell's appeal for lack of jurisdiction or, in the alternative, it should affirm the Veterans Court's decision. But they did say directly related. Is your position that that is the standard to be applied to this regulation? Your Honor, our position is that the medical examiner used the term directly related. That's what we're relying on, isn't it? It's absurd, but that's the evidence. When you were about to say we don't have jurisdiction, you are saying because there was substantial evidence and this is a question of fact. But if, in fact, the examiner misstated the standard, where are we? Or do you agree that directly is the correct standard? Your Honor, we do not believe that the examiner misstated the standard. We know what he said, so do you believe that directly is the correct standard? We believe that the standard of proximate causation is the same as direct. He said directly related. It is the same as direct causation. He said directly related. Yes, Your Honor, we believe that those two things are equivalent. Even if they're not, it is not the medical examiner's job to use the language of the legal standard. It is the medical examiner's job to... He says that's the standard he applied. Now, that's not speculative. That's in his opinion. It is his treatment statement, directly related. So I'm trying to figure out whether the secretary's position is that that's the correct statutory interpretation. I think you just said it is not. No, Your Honor. We believe that the medical examiner was speaking to medical causation, and it was the board's duty to then... Directly has a different meaning in law and in medicine? As a practical matter, we don't believe it does, but we don't believe that it's appropriate to apply the legal standard to the medical examiner's choice of words, because, again, the medical examiner is applying to medical causation, whereas it is the board's duty to then find... He said directly related. I thought I just heard you say that's the same, however you look at it. Your Honor, as a practical matter, we do believe that it is the same standard. And the reason that it... Let's make sure I understand. I'll give you, like you say, a reason, of course. So you're saying direct causation and proximate causation are the same thing? Yes, Your Honor. In the context of this case, we... Not just in the context of this case, but in the statutory and regulatory interpretation, that direct causation and proximate causation are the same. Yes, Your Honor. We believe they are the same because both speak to a causation requirement. In other words, there has to be a connection between the veteran's injury and the disability which he's claiming. Now you get to say your why part, because I cut you off before you wanted to finish that answer. So I'm sorry to cut your answer off to judge you on the question. Please, if you answer her question, we'll finish the meeting. Your Honor, can you please repeat the question? You were about to say something about why you know it's the same standard. Yes, Your Honor. At least that's, I think, where you were going. Right. We know that the standard is one of causation. It is not one of a mere temporal relationship. And the reason we know that it is causation is because, first of all, this court has actually described the standard of Section 3.310 as a proximate cause standard. And the case McPhee v. Nicholson at 459 F1323 from 2006, this court stated that under Section 3.310, a condition that is proximately caused by a service-connected condition is considered a part of the original condition. Under the regulation, proximate causation must be established. And we know that this is, we also know that this is correct because... It doesn't say directly related. It does not say directly related, Your Honor. We agree that the facts are difficult. There was an extended period of time. At the same time, it's essential that the triers of fact apply the correct law. We agree, Your Honor. And in this case, they did because they considered the... You just said that directly is not correct. But they said that's what they did. The finder of fact said that he found that it was not directly related. Those exact words. Your Honor, as a practical matter, we believe that the direct causation language that was used by the medical examiner in this case is, as a practical matter, the same thing as the proximate causation standard. What would be the opposite of proximate? Indirect? It would be, Your Honor, our position would be that the opposite of a direct causation would be no causation at all. Not directly connected. Not directly caused by. Your Honor, we would posit that it's actually, it is the position that Mr. Kitchell is advocating that there is no connection other than a temporal connection. We know that causation is required. Section 3.310 derives its authority from the statutory language of Sections 1110 and 1131 of Title 38 of the U.S. Code. And the regulation cannot change the standard that's set forth in the statute that establishes that causation is required. There must be a cause and effect. This Court has repeatedly confirmed that a causal relationship between an injury and a disability is required. And Mr. Kitchell misstates Shedden when he states that that case only required a temporal connection because the issue in Shedden was whether there was a presumption of service-connected injury. But the Court still explained that even with a presumption of service-connected injury for injury that's incurred in service, the veteran must still show that there is a causation relationship between that injury and the disability. Mr. Coffman is trying to get away from what he calls the tort standard of proximate cause. Is there a difference between that and this language, proximately due to? No, Your Honor. We don't believe it is because whether we call it direct causation, whether we call it proximate causation, whether we use the language of the regulation. Is there only one definition of proximate? Yes, Your Honor. It is. That is our position. So here we have a secondary complaint. It doesn't happen overnight. It accumulates after a dozen years of pain, that it gets worse and worse until finally the veteran seeks treatment for depression with all of the manifestations. So you're saying that some sort of cumulative secondary consequence, that there's no way that that can come within any kind of claim because it was not instant, it didn't occur at the same time as the injury? No, Your Honor. That is not our position. We don't take direct relationship or proximate causation or any of that to speak to the time between the occurrence of the injury. But the examiner said directly. And where did that come from? What was he asked to examine? See if this is directly related. So he says no, not directly related. Your Honor, that is correct. But the examiner is not opining. The examiner is opining whether there is a medical connection between the initial injury and the onset of the disability. No, that isn't what he said. He said it's not directly related, not that there's no medical connection. He used the terms directly related, but Your Honor. Exactly. That's my problem, your problem. Your Honor, the board did not just consider the medical examiner's report either. The board considered a total of five medical reports in addition to Mr. Kittrell's own testimony. And when it analyzed all that evidence in the record, it spoke to how that evidence did not show that there was a relationship, a causal relationship. Direct relationship. You didn't say causal. Your Honor, we respectfully disagree. The board used the terms when it evaluated the medical reports in the record. It used the terms nexus. It used the terms etiology. I mean, essentially what the board was, it used the terms correlation. What the board was looking at, whether the medical opinions in the record, and not just the 2006 VA medical examiner's report that's at issue, but it was looking at whether all the evidence in the record showed whether there was a connection, a causal connection, between Mr. Kittrell's service-connected injury and the disability for which he was claiming service connection. Our position is that as a practical matter, as a legal standard, whether we use the terms direct causation, whether we use the terms proximate causation, whether we use some other language of causation, at the end of the day we have to, in order for a veteran to receive benefits, the veteran must show that there is a cause-and-effect relationship. And Mr. Kittrell is saying that, no, all that has to be shown is that there is a temporal connection between the two, that the onset that at some point a veteran suffers an injury and later on he suffers a disability, and that the mere fact that one follows the other is sufficient. Well, of course, we don't know if it was later on or if there were manifestations that just became worse and worse. I mean, these are the questions, in fact, that are outside of our jurisdiction. That's why I am concerned with the language used by the examiner. He didn't have to say directly related. He could say it's not related. He didn't say that. But, Your Honor, the medical examiner was also not opining, once again, he was not opining to the legal standard. How do we know? Are you telling us the legal standard is never mind? Never mind, it's out of your jurisdiction? No, Your Honor. To the extent that an argument is raised whether approximately due to or the result of means the same thing as proximate causation, that is an issue within this court's jurisdiction. But in this case the board considered more than this one medical report. And as the Veterans Court made clear, the board did not just adopt the language of the medical examiner as dispositive of the legal issue. It looked at it as language of a medical professional opining to medical etiology. Didn't you see that argument in the briefs? Briefs said it was a question of fact? Yes, Your Honor. Keep out of it. Your Honor, we do believe that it is a question of fact. With respect to whether the board could have relied upon the VA medical examiner's opinion, we do believe that it's a question of fact outside this court's jurisdiction because the board's finding that it could rely on this medical opinion was premised on its finding that that opinion was probative on the issue of proximate causation. The board did not just adopt the language of the medical examiner. It looked to see whether that report and whether all the other reports in the record, all the evidence in the record, spoke to whether there was a causal relationship between Mr. Kittrell's injury and his disability. And we do not believe that the court has jurisdiction to hear that. We believe the court does have jurisdiction to examine whether proximately due to or the result of the language of the regulation means the same thing as proximate causation. But as I explained, the two are equivalent. And once again, we know that from the statutory authority for Section 3.310, and we know that from this court's language. So even if this court does take jurisdiction over the case, we believe that the court should affirm the Veterans Court's decision because that decision gives the correct legal standard. Any more questions? No questions? Thank you, Mr. Turner. Thank you, Your Honor. Mr. Carpenter. May I please, Court? The government has conceded that the regulation at 3.310A comes from the statutory interpretation of 38 U.S.C. 1110 and 1131. In both of those statutes, Congress used the phrase that compensation will be paid for a disability resulting from service. It didn't use the word a disability caused by service. It didn't say a disability directly caused by service. How does something result from a previous action if it isn't caused by it? Because causation is a higher standard, Your Honor. Causation is a standard that comes out of our tort law, which is clearly an adversarial concept. That is not a concept that Congress wanted in this system. What Congress wanted in this system was a lesser standard in which there could be room for some ambiguity and that that ambiguity would be resolved in favor of the veteran and that we wouldn't have the tort standard of causation. This is not workman's compensation. We don't need to show the direct relationship, but that's precisely the evidence that was relied upon by precisely the standard that was applied by the VA examiner in this case. It seems to me, Your Honor, that the VA wishes to have it both ways. They say that it's a proximate cause standard, and yet nowhere in the statute nor in the regulation are the words proximate and cause together. It's proximately due to or the result of.  Proximately due to is simply not defined, but it cannot and should not be defined in this context as being direct causation, a causal connection, because those get into areas in which you're asking for a straight medical determination. As the government indicated, the board talked in terms of etiology. Etiology is a medical concept about the direct relationship between one incident and another or the relationship of a disease. The etiology is a much higher, much more sophisticated standard than what Congress had in mind for setting the standard for granting compensation, and if this is all about granting compensation, then that's the definition, a lower standard that should be used than the standard that is being offered up by the government. Unless there's further questions. Thank you, Mr. Carpenter, and thank you, Mrs. Ferlo. The case is taken in submission.